1
2
3
4
5
6
7
8                    **IN THE UNITED STATES DISTRICT COURT**
9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11   WILLIAM POLLARD,                      No.  2:23-CV-0113-TLN-DMC-P
12                    Petitioner,          ORDER
13          v.                             and
14   ROB ST. ANDRE,                        FINDINGS AND RECOMMENDATIONS
15                    Respondent.
16

17          Petitioner, a state prisoner proceeding with retained counsel, brings this petition
18   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is
19   Respondent's motion to dismiss and supporting exhibits and portions of the state court record.
20   See ECF Nos. 10, 11, 12.  Respondent argues that this action must be dismissed because state
21   court proceedings related to sentencing were ongoing when the petition was filed.  See ECF No.
22   10.  Petitioner filed an opposition.  See ECF No. 13.  Respondent filed a reply.  See ECF No. 14.
23          While the current motion to dismiss was still pending, Petitioner filed a notice that
24   he had been resentenced in state court on June 12, 2023.  See ECF No. 16.  On September 1,
25   2023, the Court directed Respondent to notify the Court whether the pending motion to dismiss
26   would be withdrawn given the change in procedural posture subsequent to the filing of the
27   motion.  See ECF No. 17.  On the same day, Petitioner filed a notice that Petitioner had filed an
28   appeal from the state court's order to resentence petitioner.  See ECF No. 19.  That matter is

currently pending in the California Court of Appeal, case no. C099190.  See id.  On September 5, 2023, Respondent filed a response to the Court's September 1, 2023, order indicating that Respondent would not be withdrawing the pending motion to dismiss.  See ECF No. 20. According to Respondent, the subsequent procedural history has no bearing on the arguments raised in the motion to dismiss.  See id.  Petitioner filed a reply to Respondent's September 5, 2023, filing.  See ECF No. 21.  Petitioner has also filed a request for ruling.  See ECF No. 22.

## I. BACKGROUND[1]

Petitioner was convicted of five counts of assault with a deadly weapon and one count of being a felon in possession of a firearm.  See ECF No. 12.  Petitioner was sentenced to a determinate state prison term of 32 years and eight months.  See id.  On May 24, 2022, the California Court of Appeal affirmed the conviction but remanded for resentencing pursuant to newly passed Assembly Bill No. 124.  See id.  The California Supreme Court declined direct review on August 17, 2022.  See id.  At the time the currently pending motion to dismiss was filed, Petitioner's state court resentencing hearing was set for April 10, 2023.  See ECF No. 11 (state court docket sheet).  On July 3, 2023, Petitioner advised the Court that he had been resentenced by the state court on June 12, 2023, and was returned to custody on the initial conviction.  See ECF No. 16.  Thereafter, Petitioner advised the Court that Petitioner had filed an appeal of the new sentence and that the appeal was pending in the California Court of Appeal. See ECF No. 19.

Petitioner filed his federal habeas petition on January 18, 2023.  See ECF No. 1. In the federal petition, Petitioner raises two claims related to the underlying conviction.  See id. Specifically, Petitioner argues: (1) the exclusion of the sole Black prospective juror Batson v. Kentucky, 476 U.S. 79 (1986); and (2) the trial court erred in refusing to instruct the jury on self-defense.  See ECF No. 1.  Petitioner does not raise any claims regarding the sentence.  See id. / / /

---

[1]     Facts related to state court proceedings are derived from state court records lodged by Respondent with the motion to dismiss.  See ECF Nos. 11 and 12.

1

## II. DISCUSSION

2          Respondent argues that this Court must dismiss the case pursuant to the abstention

3   doctrine of Younger v. Harris, 401 U.S. 37 (1971).  According to Respondent:

4          Federal courts are to abstain from interfering with pending state
5   criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971) (*Younger*).
    The Supreme Court has held that basic principles of comity and federalism
    require federal courts to abstain from interfering with pending state
6   criminal proceedings. *Younger* abstention is required if the state
    proceedings are (1) ongoing, (2) implicate important state interests, and
7   (3) afford the plaintiff an adequate opportunity to raise the federal issue.
    *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (citing
8   *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th
    Cir. 2001)). There is a judicial exception where a person to be prosecuted
9   in state court can show that he will suffer irreparable damages if the state
    court is not enjoined from proceeding. *Younger,* 401 U.S. at 43. "But this
10  may not be done, except under extraordinary circumstances, where the
    danger of irreparable loss is both immediate and great." *Id*. at 45.
11         Here, Petitioner's conviction is not yet final because remand
    proceedings are pending. The State has an important interest in passing
12  upon and correcting any violations of a defendant's rights. *Roberts*, 296 F.
    Supp. 2d at 1185 (citing *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir.
13  2003)). Petitioner's pending state criminal proceedings may render his
    federal constitutional claims moot. *Sherwood v. Tomkins*, 716 F.2d 632,
14  634 (9th Cir. 1983); *Roberts*, 296 F. Supp. 2d at 1185; *Theriault v. Lamb*,
    377 F. Supp. 186, 189-90 (D. Nev. 1974). If not, Petitioner is not
15  barred from seeking federal review when the state proceedings are
    concluded. *Roberts*, 296 F. Supp. 2d at 1185-86; *see also Johnson v.
16  Anglea*, No. 220CV01830KJMDBP, 2021 WL 2853188, at *1 (E.D. Cal.
    July 8, 2021). Petitioner has not made any showing of extraordinary
17  circumstances indicating that he will suffer immediate and great
    irreparable harm if this Court abstains until after state post-conviction
18  review is completed.
19         It only matters that the state criminal proceedings were not final
    when Petitioner filed his federal petition. Under *Younger*, the pendency of
20  the state appeal is determined at the time of filing. *Mobile Home Park v.
    City of Hollister*, 989 F.2d 359, 360-61 (9th Cir. 1993). [footnote omitted].
21  And "when a case falls within the proscription of *Younger*, a district court
    must dismiss the federal action." *Fresh Int'l Corp. v. Agricultural Labor
22  Relations Bd.*, 805 F.2d 1353, 1356 (9th Cir. 1986) (citing *Judice v. Vail*,
    430 U.S. 327, 337 (1977)); *see also Beltran v. California*, 871 F.2d 777,
23  782 (9th Cir. 1988). Thus, dismissal is required.

24         ECF No. 10, pgs. 2-3.

25         In opposition, Petitioner argues that Respondent's reliance on Sherwood v.

26  Tomkins is misplaced and that, as in Phillips v. Vasquez, 56 F.3d 1030 (9th Cir. 1995), the

27  Sherwood case is distinguishable from the current case.  See ECF No. 13, pgs. 2-3.  Petitioner

28  notes that the issues currently on appeal before the state court only touch on sentencing and do

not relate in any way to the underlying conviction and that all state court proceeds with respect to the conviction have been concluded.  See id.

In Sherwood, the Ninth Circuit announced the general rule Respondent seeks to invoke here that "[w]hen. . .an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."  Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).  In Phillips v. Vasquez, the Ninth Circuit declined to follow Sherwood in a narrow circumstance.  See 56 F.3d 1030.  First, citing Coe v. Thurman, 922 F.2d 528, 530 (9th Cir. 1991), the Ninth Circuit distinguished Sherwood because, unlike in Sherwood, Phillips' case involved substantial delay in the state court appellate process.  See Phillips, 56 F.3d 1030.  The Court stated: "As in Coe, we conclude that the delay in this case has rendered the state corrective process 'ineffective'. . . ."  Id.  Second, the Ninth Circuit in Phillips distinguished Sherwood because the state court appeal pending in Sherwood could have rendered any federal habeas decision moot if the petitioner's conviction was reversed.  See id. (citing Sherwood, 716 F.2d at 634).  The appellate court noted: "In this case [Phillips], there is no danger that the pending state appeal will moot our decision since it concerns the sentence, not the conviction underlying it."  Phillips, 56 F.3d 1030.

The Court agrees with Respondent that the Sherwood rule applies in this case.  The Phillips exception asserted by Petitioner is a narrow one.  As the Ninth Circuit stated in Phillips:

> Our decision in this case is a narrow one. We simply hold that Phillips should not be required to wait more than fifteen years for his sentence to be finally resolved before he may challenge the constitutionality of his conviction. We are fully aware of the jurisprudential concerns implicated by our decision, but conclude that they are outweighed by Phillips' interest in a prompt resolution of his constitutional claims. We do not intimate any view as to what other circumstances, if any, might entitle a defendant to seek review of his conviction prior to his sentence becoming final. We are convinced, however, that fifteen years, with no end in sight, is simply too long a period to require a prisoner to await review of what might be an unconstitutional conviction, merely because an entirely separate and independent review of his sentence has not been resolved in a timely fashion. . . .

56 F.3d 1030.

/ / /

4

1    While Petitioner is correct that the result of the pending state court appeal

2  regarding Petitioner's sentence would not render the federal petition challenging the underlying

3  conviction moot, the delay which drove the <u>Phillips</u> decision is not present here.  Petitioner's first

4  appeal was resolved in May 2022.  Petitioner was then resentenced in June 2023.  Petitioner's

5  appeal of the resentencing decision was filed shortly thereafter.  Unlike <u>Phillips</u> where the state

6  court appeal had been pending for longer than fifteen years by the time the petitioner sought

7  federal relief, there is no such delay in the current case.

8    The delay caused the <u>Phillips</u> court to conclude that the balance of fairness and

9  jurisprudential concerns tipped in favor of allowing Phillips to proceed with this federal case.

10  Given the absence of delay in this case, the undersigned finds that the case is more like <u>Sherwood</u>

11  and will apply a bright-line jurisprudential rule requiring Petitioner to complete the state court

12  process before proceeding with the current federal petition.

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1.      It is hereby RECOMMENDED that Respondent's motion to dismiss, ECF No. 10, be GRANTED.

2.      It is hereby ORDERED that Petitioner's motion for a ruling, ECF No. 22, is GRANTED to the extent the Court herein has recommended a ruling on Respondent's motion to dismiss.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


Dated:  February 6, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6